UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>RGW CONSTRUCTION, INC.,<br><br>    Defendant. | Case No. 16-cv-05460-TEH<br><br>**ORDER GRANTING MOTION FOR REMAND** |

This matter comes before the Court on Plaintiff's motion to remand. Pursuant to Civil Local Rule 7-1(b), the Court finds oral argument unnecessary and now VACATES the January 23, 2017 hearing. After carefully considering the parties' written arguments, Plaintiff's motion to remand is GRANTED for the reasons discussed below.

**BACKGROUND**

On August 10, 2016, Plaintiff Arturo Cervantes commenced a civil action against his former employer, RGW Construction Inc., in Alameda County Superior Court. He brought five causes of action under state law on behalf of himself and other similarly situated individuals. On September 23, 2016, Defendant timely removed the case to this Court because Plaintiff's claims involved interpretation of a collective bargaining agreement and thus implicated questions of federal law under the Labor Management Relations Act ("LMRA").

In response to Defendant's motion to dismiss the complaint, Plaintiff agreed to dismiss four out of five claims, submitting them instead to a grievance procedure outlined in the collective bargaining agreement. The only remaining claim is Plaintiff's Third Cause of Action, in which Plaintiff alleges that wage statements issued by Defendant failed to include a "start date for the applicable pay period" in violation of California Labor Code

Section 226(a). Opp'n at 2. Shortly after an initial Case Management Conference held before this Court on December 12, 2016, Plaintiff filed the present motion for remand.

**DISCUSSION**

Upon removal of a case to federal court, a district court has discretion to remand a case once federal claims are eliminated. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). In determining whether to remand, "the balance of factors to be considered" are "judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). A court may also consider "whether the plaintiff has engaged in any manipulative tactics" in order to inappropriately secure a particular forum. *Id.* The Supreme Court has noted that when all federal claims are eliminated early on, a district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 350-51.

Defendant is correct that remand is not mandatory. Remand, however, "is generally preferable" when, as here, the sole remaining claim is a state law claim. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). This is especially true when the "federal-law claims have dropped out of the lawsuit in its early stages." *Carnegie-Mellon Univ.*, 484 U.S. at 350 (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). Plaintiff agreed to dismiss the four claims that implicated federal law less than a month after the case was removed to federal court. There has been an initial Case Management Conference held but the parties have yet not begun discovery or engaged in the Alternative Dispute Resolution process. Given that remand is sought early in the proceedings, Defendant fails to convince this Court that it should retain jurisdiction over the sole remaining state law claim.

The balance of the factors of judicial economy, convenience, fairness and comity further tips the scale in favor of remand. The Court has yet to delve into the merits of Plaintiff's complaint; thus, there would be no duplication of efforts or resulting waste of judicial resources in remanding this action back to state court. Although Defendant lists

fairness as a factor opposing remand, Defendant does not explain its reasoning and the Court is unpersuaded. As neither the Alameda Superior Court nor this Court appear more convenient to the parties, the Court finds the convenience factor neutral. Lastly, comity weighs in favor of remand since the sole remaining claim arises under state law.

Defendant's primary argument against remand is that Plaintiff acted manipulatively when he sought to compel remand by dismissing the federal question claims. The Court finds nothing manipulative about responding to a motion to dismiss by dismissing claims that fall within the purview of the collective bargaining agreement and should thus be addressed through the agreement's grievance procedure. There is no evidence here that Plaintiff's actions constitute an effort at manipulative forum shopping. It is simply more appropriate for the state court to resolve Plaintiff's remaining claim.

**CONCLUSION**

With good cause appearing, the Court exercises its discretion and GRANTS Plaintiff's motion to remand. This matter is hereby remanded to the Superior Court of California for the County of Alameda. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 01/09/17   _____
THELTON E. HENDERSON
United States District Judge